IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Francisco Herrera, | ) | Civil Action No. 9:20-03779-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Nannette Barnes, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 8) recommending the petition for habeas relief under 28 U.S.C. § 2241 be summarily dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the Order of the Court to dismiss the petition without prejudice.

**I.   Background**

Petitioner plead guilty to four counts of felon in possession of a firearm. On October 24, 2017, Petitioner was sentenced to 77 months of imprisonment to be followed by two years of supervised release. *United States v. Herrera*, No. 2:17-cr-20096-SHL-1 (W.D. Tenn.). Petitioner did not file a direct appeal. (Dkt. No. 1 at 2); (Dkt. No. 1-1 at 6). On October 28, 2020, Petitioner filed petition for habeas relief pursuant to 28 U.S.C. § 2241 in this Court. (Dkt. No. 1). On December 2, 2020, the Magistrate Judge issued an R & R recommending the Court summarily dismiss the petition. (Dkt. No. 8). Petitioner has not filed objections.

**II.   Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the

Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.  Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner has not filed objections and the Court reviews the R & R for clear error.

### III.    Analysis

The Magistrate Judge ably concluded that the petition must be dismissed because Petitioner fails to meet the § 2255 savings clause requirements that would allow him to bring this § 2241 action.  Petitioner alleges the legality of his conviction and sentence are unlawful in light of the United States Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Defendants convicted in federal court are "obliged to seek habeas relief from their convictions and sentences through § 2255, not through a petition filed pursuant to § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).  It is only when § 2255 proves inadequate or ineffective to test the legality of detention that a federal prisoner may pursue relief under § 2241.  *Id*.  A Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by

motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e).

Petitioner challenges the legality of his conviction and the legality of his sentence. Section 2255 is inadequate and insufficient to test the legality of a conviction when:

> "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

The Court in *United states v. Wheeler*, 886 F.3d 415, 423-26 (4th Cir. 2018) held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> "(1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law." *Wheeler*, 886 F.3d at 429.

The Magistrate Judge ably found that Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255(e) pursuant to the tests articulated in *Jones* and *Wheeler* as he has not filed a § 2255 motion in the appropriate court. (Dkt. No. 8 at 4-6). Courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause." *See Hernandez v. Drew*, 371 F. App'x 991, 993 (11th Cir. Apr. 7, 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition.); *Dinkins v. Thomas*, No. 8:15-490-RMG, 2015 WL 1877434, at *4 (D.S.C. April 23, 2015); *Hackett v. Atkinson*, No. 9:13-1274-JFA-BM, 2013 WL 3972393, at *3 (D.S.C. July 31, 2013); *Gibson v. Phelps*, No. CV 9:20-981-JMC-BM, 2020 WL 3549211, at *4 (D.S.C. May 22, 2020), *report and recommendation adopted*, No. 9:20-CV-00981-JMC, 2020 WL 3548225

3

(D.S.C. June 30, 2020), *aff'd,* 827 F. App'x 357 (4th Cir. 2020).  Thus, the Court dismisses his § 2241 petition for lack of jurisdiction.  *Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018); *Rice v. Rivera*, 617 F.3d at 807.  Thus, the petition is dismissed.

### IV.     Conclusion

For the reasons stated above, the Court adopts the R & R as the Order of the Court.  (Dkt. No. 8).  Petitioner's Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.  (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met because Petitioner has not filed a § 2255 motion.  Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

   s/Richard Mark Gergel\
Richard Mark Gergel\
United States District Judge

December 23, 2020\
Charleston, South Carolina